**Richard A. WHEELER,**
**Plaintiff–Appellant,**

v.

**CORPORATION COUNSEL OF N.Y.C., N.Y.C. Comptroller, Elizabeth Holtzman, Michael Aronson, Roberta Rubin, Edward Ogintz, Assistant Comptrollers, Defendants–Appellees.**

**Docket No. 01–7129.**

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Richard A. Wheeler New York, NY, Pro Se.

Ellen Ravitch Assistant Corporation Counsel The City of New York New York, NY, for Appellees.

Present KEARSE, MINER and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff Appellant, Richard A. Wheeler, appeals from the judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge* ), dated November 30, 2000, granting summary judgment in favor of Defendants Appellees, Corporation Counsel of N.Y.C., N.Y.C. Comptroller, Elizabeth Holtzman, Michael Aronson, Roberta Rubin, and Edward Ogintz.

Wheeler's complaint alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.,* the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Equal Pay Act, 29 U.S.C. § 206. Wheeler claimed that Defendants discriminated against him on the basis of race, age, disability, and gender and retaliated against him by denying him promotions and salary increases, giving him poor evaluations, transferring him to the Personal Injury Division, and requiring him to undergo medical examinations.

Noting that four of Wheeler's five most recent job evaluations gave him low marks for performance, the district court held that Wheeler failed to show that he had performed his job activities satisfactorily and therefore had not established a prima facie case for age or race discrimination. *Wheeler v. Corp. Counsel,* No. 93 Civ. 5184(NRB), 2000 WL 1760947, at *5–*7 (S.D.N.Y. Nov.30, 2000) (applying the analysis of *McDonnell Douglas Corp. v. Green,*

411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

 Wheeler argues on appeal that the district court erred by not considering whether the poor evaluations were created as a pretext. However, even if there is a dispute about Wheeler's performance, Wheeler failed to state a prima facie case for discrimination, because there is no evidence in the record that his transfer to the Personal Injury Division in 1992 or that Defendants' failure to comply with his requests for transfers or promotions occurred under circumstances that give rise to an inference of race or age discrimination.

 Wheeler also argues that the district court failed to consider whether these unsatisfactory performance evaluations themselves constituted actionable retaliation. However, we need not address this issue, because Wheeler produced no evidence of a causal connection between his filing the EEOC complaint and his receiving the poor performance reviews.

For these reasons and for those set forth in the district court's Opinion and Order, summary judgment was properly granted.

For the reasons set forth above, the judgment of the district court is AFFIRMED.